### TITLE OF ONE SEEKING PARTITION.

Common Pleas Court of Hamilton County.

CARL BROWN *v.* DOROTHY MILLER ET AL.

Decided, January 30, 1925.

*Partition—Nature of Plaintiff's Title must be Disclosed—Construction of Requirement in Section 12028.*

The requirement in Section 12028, G. C.. relating to partition, that the plaintiff shall "set forth the nature of his title," has reference to the manner by which it was acquired, whether by deed, purchase, inheritance or adverse possession, and a petition which does not contain this information is subject to a motion that it be supplied.

*Allaman, Funkhauser & Murr*, for the motion.
*Harry G. King* and *Harry L. Risinger*, contra.

DARBY, J.

This is an action for partition. The petition avers, "Plaintiff is the equitable owner of an undivided one-half of the fee of the following described real estate * * *." Other allegations proper to such proceeding are contained in the petition.

The defendants move that the plaintiff be required to set out the nature of his equitable title.

---

\* Error not prosecuted.

It goes without saying that the holders of the equitable title in land may have partition of the same. See, *Roberts* v. *Remy et al.*, 56 O. S., 249.

G. C. Sec. ·12028 provides:

"A person entitled to partition of an estate may file his petition therefor in the court of common pleas *setting forth the* · *nature of his title,* a pertinent description of the lands, tenements and hereditaments of which partition is demanded and naming each tenant in common, co-parsoner or other person interested therein as defendants   *   *   *."

The determination of the question depends upon the meaning of the words "setting forth the nature of his title." It is generally held that unless otherwise required by statutory provision, "it is not only good, but the best, pleading to allege in general terms that the parties are co-tenants of the property, and to state in like general terms the share or moiety of each." 30 Cyc., p. 217, par. 6. Freeman on Co-Tenancy and Partition, 2 Ed., Sec. 486.

Where, however, the statute requires certain matters to be set forth, it must control. In *Morton* v. *Outland,* 18 O. S., 384, 386, the court say:

"The statute required him (plaintiff) to set forth in his petition in partition the nature of his title."

In 1st Washburn on Real Property, 6 Ed., Sec. 119, is pointed out the distinction between property and title as follows:

"There is a property or interest in lands or other things coming within the classes of realty which is something distinct from the title by which it is held, or the mode by which it is acquired."

In Section 121 of the same work is found an explanation of title which is as follows:

"And this it will be readily perceived is something distinct from the title by which such property is held or the mode in which it may be acquired. A man may be regarded as the absolute owner of a farm, but that does not indicate how he acquired it or what the nature of his title to it is. He may

have obtained it by deed, by will or by inheritance; or he may have entered upon it without any right and held it long enough to give him a valid legal title to it. *Title is the means by which an estate is acquired.*"

In the 3rd volume of Washburn on Real Property, Sec. 1822, title is again defined:

"*Title is the means whereby an estate in real property is acquired.*"

The statute in question requires that the plaintiff shall set forth the nature of his title or the nature of the means whereby his title is acquired.

In 3 Bates New Pleading and Practice, p. 2372, a form is given as follows:

"Plaintiff has a legal right to and is seized in fee simple as one of the heirs at law of XY deceased, of the undivided fourth part of the following real estate." See also—*Perry* v. *Richardson*, 27 O. S., 110.

As suggested by defendants in their motion, under the form of pleading adopted, the plaintiff might prove any title which he might acquire equitably, and as he fails to set forth the nature of his title, the motion should be granted.